MELANÇON et als. *v.* WIDOW AGLAE BRINGIER—JAMES P. BINGAY *v.* WIDOW AGLAE BRINGIER.

The defects of a title to land resting only on surveys which were unauthorized and illegal cannot be supplied by prescription.

The certificate of purchase under such void surveys would not constitute the basis of prescription as a title translative of property, where the parties whose possession is relied on to make out the plea of prescription had notice of the defects in the title and of the danger of eviction.

APPEAL from the District Court of the parish of Ascension, *Duffel*, J.

*Upton & Lacey*, for plaintiffs. *Ilsley & Perault* and *Legendre*, for defendants and appellants.

SPOFFORD, J. The plaintiffs in these petitory actions claim certain lands in the parish of St. James by virtue of certificates of purchase from the United States, the same being for back concessions granted to front proprietors upon the Mississippi River, under the Acts of Congress.

The only objection urged to the regularity of the plaintiffs' titles, by the defendant and appellant, concerns the title of *Bingay* alone. It is urged that his claim of title is defective, because it shows an outstanding claim in favor of the widow *Simon Arsenaux* which has never been conveyed to him.

For the reasons given by the District Judge, it seems to us that the application in the name of widow *Simon Arcenaux* must be held to have been made by a clerical error for widow *François Arcenaux*, and that the certificate of purchase enured to the benefit of the latter, and sufficiently sustains the title of *Bingay*.

In other respects, the sole reliance of the defendant is upon a plea of prescription.

Her title to the land in dispute rests only upon the surveys of *Wilson* and *Rightor*, which were held to be unauthorized, illegal and of no effect, in the case of *Jourdan et al.* v. *Barrett et al.*, 4 Howard 177, reversing the judgment of the Supreme Court of Louisiana as reported in 13 La. 38.

Those cases are referred to for a full explanation of the nature of the *Bringier* title to so much of the back concession as conflicted with the equitable claims of the adjacent front proprietors to their ratable share of the land in the rear of the bend upon which their locations lie. The title now set up by the defendant is precisely the same as was there held to be unavailing. And we are of the opinion that its defects have not been supplied by prescription.

Even if the certificates under which *Bringier* claimed could be regarded as, in form, translative of property to all that was embraced in the void surveys of *Wilson* and *Rightor*, still the record shows that the parties whose possession is relied on to make out the plea of prescription had notice of the defects in such title and the danger of eviction; moreover, their possession of the particular tracts now in dispute during a period sufficient to enable them to prescribe is, at best, equivocal. It lacked those elements of a corporeal detention, of publicity, and of continuity, which should be shown in a case like this.

Judgment affirmed.